DECISION AND JUDGMENT ENTRY {¶ 1} Plaintiff-appellee, Owens Corning, has filed a motion to dismiss the appeal filed by defendant Affiliated FM Insurance Company on May 4, 2005, because it is untimely. Affiliated's notice of appeal states it is appealing from "the Decision and Judgment Entry filed by the Court March 29, 2005 and mailed on April 1, 2005." Defendants, Allianz Global Risks US Insurance Company and Allianz Underwriters Insurance Company, also appealed from that order, filing their notice of appeal on May 16, 2005. Appellants filed a memorandum in opposition to the motion to dismiss, appellee filed a reply in support of its motion to dismiss, and appellants filed a surreply. The motion is now decisional.
 {¶ 2} The record in this case shows that the order from which appellants wish to appeal was entered on the court's journal on March 29, 2005.[1] Two days later, on March 31, 2005, the clerk of courts noted on the appearance docket "copy of the judgment entry sent by certified mail [to all parties]."
 {¶ 3} App.R. 4(A) states:
 {¶ 4} "(A) Time for appeal. A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure.
 {¶ 5} "* * *
 {¶ 6} "Definition of `entry' or `entered'. As used in this rule, `entry' or `entered' means when a judgment or order is entered under Civ.R. 58(A) or Crim.R. 32(C)."
 {¶ 7} Civ.R. 58(A) states:
 {¶ 8} "Preparation; entry; effect. Subject to the provisions of Rule 54(B), upon a general verdict of a jury, upon a decision announced, or upon the determination of a periodic payment plan, the court shall promptly cause the judgment to be prepared and, the court having signed it, the clerk shall thereupon enter it upon the journal. A judgment is effective only when entered by the clerk upon the journal." (Emphasis added.)
 {¶ 9} Civ.R. 58(B) states:
 {¶ 10} "(B) Notice of filing. When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. * * *."
 {¶ 11} Thirty days from March 29, 2005 is April 28, 2005. Thus, the May 4 and May 16 notices of appeal are both late.
 {¶ 12} Appellants argue that their appeals are not late because the appearance docket in this case has an entry on March 28, 2005 that Plaintiff's motion for sanctions is denied and that service of that judgment was not perfected until April 4, 2005, beyond the three
 {¶ 13} day time period in Civ.R. 58(B). Therefore, they conclude that the May 4, 2005 notice of appeal was timely filed on the 30th day after April 4, 2005. There are two flaws in this reasoning; first, the court'sjournal is not the same as its appearance docket. See R.C. 2303.12, which states,
 {¶ 14} "Books to be kept by clerk. The clerk of the court of common pleas shall keep at least four books. They shall be called the appearance docket, trial docket and printed duplicates of the trial docket for the use of the court and the officers thereof, journal, and execution docket. * * *."
 {¶ 15} It is clear that the order from which this appeal is taken was entered on the journal on March 29, 2005. Further, it is clear from the court's docket that copies of the March 29 judgment were mailed within three days on March 31, 2005. Appellants' argument that since the judgment was served by certified mail, "the date of receipt and not the three-day rule applies," is not persuasive. Civ.R. 58(B) states, "[w]ithin three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket."
 {¶ 16} Civ.R. 5(B) states:
 {¶ 17} "Service: how made. * * * Service upon the attorney or party shall be made by delivering a copy to the person to be served, transmitting it to the office of the person to be served by facsimile transmission, mailing it to the last known address of the person to beserved or, if no address is known, leaving it with the clerk of the court. * * * Service by mail is complete upon mailing. * * *" (Emphasis added.)
 {¶ 18} There is no indication in the rule that service by certified mail as opposed to regular mail is not "complete upon mailing." Therefore, we find appellants' arguments unpersuasive.
 {¶ 19} Accordingly, the court finds the motion to dismiss well-taken. The court orders this appeal dismissed at appellants' costs. All other pending motions are moot and denied.
Appeal Dismissed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski., Parish, J. Judge Concur.
[1] There is some controversy concerning whether the trial court's final order from which an appeal could be taken is its order journalized on September 3, 2004 or the March 29, 2005 order. Appellants specifically state that they are not appealing from the September 2004 order: "To be clear, the Appellants do not appeal from the September 2 (sic), 2004 order for the simple reason that there was nothing to appeal from." Thus, we will not discuss that order.